```
 1  Timothy W. Brown
    BKN: 06526348 PFN: APK-134
 2  885 North San Pedro Street
    San Jose, California 95110
 3
```

(ENDORSED)
FILED
MAY 24 07

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

107CV086562

| | |
|---|---|
| TIMOTHY W. BROWN,<br>    Plaintiff,<br>v.<br>SANTA CLARA COUNTY DEPARTMENT OF CORRECTION; PRO PER COORDINATOR KNOWN AS ALEXANDRIA, IN HER OFFICIAL CAPACITY AND A PERSON; EDWARD C. FLORES, CHIEF OF CORRECTIONS, IN HIS OFFICIAL CAPACITY AND AS A PERSON; DOES 1 THROUGH 20,<br>    Defendants, | No. _____<br>COMPLAINT FOR DAMAGES FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHT'S UNDER THE COLOR OF AUTHORITY BY SANTA CLARA COUNTY DEPARTMENT OF CORRECTION EMPLOYEE'S.<br>Amount Demanded Exceeds $25,000.00<br>UNLIMITED CIVIL AMOUNT |

1. This is an action brought due to the violation of this plaintiff's Civil Right's to be free from cruel and unusual punishment, in which this plaintiff is asking for recovery of damages from the defendants in their official and personal capacities.

2. Does 1 through 20 names are not know to the plaintiff at this time, but will be provided upon an amended complaint as soon as they become available.

3. Plaintiff is bringing his complaint under a civil rights violation, due to it being the proper practice in challenges on any condition of confinement and denial of rights to access the courts.

4. At all times mentioned herein defendant Pro Per Coordinator known as Alexandria, (Hereinafter Alexandria), was an employee of the Santa Clara County Department of Correction, (Hereinafter known

1  as D.O.C.), and is being sued in her 'official capacity as well
2  as her personal self.
3      5. At all times mentioned here-in, defendant Edward C. Flores,
4  Chief of Corrections, is here-in being sued in his 'official capacity
5  capacity' as well as his personal self.
6      6. Defendendants Santa Clara County Department of Corrections,
7  in and is at all times mentioned here-in a 'Public Entity' organized
8  under the rules, regulations, laws, and charters of the County of
9  Santa Clara, and the laws of the State of California.
10     7. At all times mentioned here-in, DOES 1 through 20 inclusive,
11 were the agents, servants, and employees of the co-defendnats, and
12 in doing things hereinafter alleged were acting in the scope of their
13 authority as such agents, servants, and employees, with the permiss-
14  ion and consent of their co-defendants.
15     8. In instance mentioned through-out this complaint and any and
16 all supplementals, defendant Alexandria used her authority to block,
17 reduce, or in some way stop and prevent plaintiff from exercising
18 his civil rights, that are afforded him under the United States Cons-
19 titution as well as the Constitution of the State of California.
20     9. Defendant Alexandria committed all acts and violations listed
21 in this complaint and all supplementals, with full knowledge that
22 by doing and/or taking such actions, would cause pain and suffering
23 and lose of liberty to plaintiff.
24     10. Defendant Alexandria, did such actions as listed in this compl-
25 aint and all supplementals, knowing that she was abusing her author-
26 ity, and that by doing so, caused harm to plaintiff.
27     11. Defendant Alexandria, has violated plaintiffs civil rights
28 by using her authority, given to her by defendants Edward C. Flores,

1 Chief of Correction, and the D.O.C., by hendering plaintiffs access
2 to the courts by denying plaintiff his due status as a Pro Per Inmate,
3 representing himself in serveral legal matters and cause' of actions.
4   12. Defendant Alexandria, has, in her capacity and as a person,
5 is in violation of D.O.C. policy and a court order, by dis-allowing
6 plaintiff to act in his constitutional right to be self-represented
7 in a court action, by denying him his Pro Per Status.
8   13. Defendant Alexandria, under color of authority, has verbally
9 and in written form, denied plaintiff his right to be a Pro Per Inm-
10 ate, even though plaintiff had fulfilled all requirements demanded
11 by the department and ordered by the court.
12   14. Defendant Alexandria, has singled-out plaintiff, in a retali-
13 tory manner, in that she has, under color of authority, with the
14 authority given her by the D.O.C. and Chief Edward C. Flores, Chief
15 of Correction, used said authority, to remove plaintiff from his
16 pro per status even after plaintiff had proven that he was infact
17 still in litigation.
18   15. Defendants D.O.C. and Chief Flores, had been notified of defen-
19 dant Alexandria's behavior and attitude and yet ignored plaintiff
20 and has continued to allow defendant Alexandria to continue to use
21 her authority and also act under the color of that authority, to
22 force her way, not policy, on plaintiff, with knowledge that she
23 was causing harm to plaintiff.
24   16. So plaintiff will not be 'redundant' in stating the same and
25 complaints as in the above paragraphs 1 through 15, he will state
26 now that paragraphs 1 through 15, applies to all defendants in their
27 capacities acting under color of authority and as a person. Also,
28 all defendants are being sued in their capacity and as a person,

1 where it applies by law.

2

3 **WHEREFORE**, plaintiff prays for the judgment against defendants,
4 each of them as follows.

5   1. For general damages according to proof.

6   2. For punitive damages, in the amount to be determined according
7      to proof at trial.

8   3. For damages to plaintiffs for defendants acts or omissions,
9      act thru General Negligence according to proof.

10  4. As additional damages against defendant Alexandria, Pro Per
11     Coordinator, plaintiff alleges defendant were/are guilty of
12     Malice and Oppression as defined in Civil Code §3294 and plai-
13     ntiff should in addition to actual damages, make an example
14     of and to punish defendant. The amount sought is not known,
15     pursuant to Code of Civil Procedure §425.10.

16  5. For reasonable attorney's fee's as determined by the court.

17  6. For all and any cost of suit herein incurred, and

18  7. For such other further relief as the court may deem proper
19     and just in this case.

20  BY: _____
        TIMOTHY W. BROWN, Plaintiff in Pro Per.

21  **VERIFICATION**

22  I Timothy W. Broen, am the plaintiff in the cause and action.
23  I have read the forgoing complaint know the contents thereof. The
24  same is true of my knowledge as to those matters which are therein
25  alleged on information and belief, as to those matters I believe
    to be true.

26  I declare under penalty of perjury under the laws of the State
27  of California that the foregoing is true and correct.

28  Dated 5-17     2007                    _____
                                            TIMOTHY W. BROWN Plaintiff.

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
191 N. First St., San Jose, CA 95113

ATTACHMENT A
CASE NUMBER: 07CV0_____

**READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> **DEFENDANTS** (the person(s) being sued): You must do each of the following to protect your rights:
> 1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning:** If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: Kevin McKenney    DEPT: 16

The first CMC is scheduled as follows: (Completed by Clerk of Court)
Date: OCT 0 2 2007    Time: 2:15 PM    Dept.: 16

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
Date: _____    Time: _____    Dept.: _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 1/01/04

CIVIL LAWSUIT NOTICE